FILED

2013 JAN -8  PM 12: 37

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA** DISTRICT COURT
**ORLANDO DIVISION** MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

)
CHOICE HOTELS INTERNATIONAL, INC.    )
)
    Plaintiff                )
)    Civil Action No.: _____
)    6:13-CV-40-ORL-31DAB
    vs.                    )
MAC (USA) TRADE, INC. and        )
HARSH MANCHANDA            )
)
    Defendants.              )
)

**COMPLAINT AND DEMAND FOR JURY
TRIAL WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, McCONNAUGHHAY, DUFFY, COONROD, POPE & WEAVER, P.A, and in support of its Complaint against Defendants MAC (USA) Trade, Inc. and Harsh Manchanda (the "Named Defendants") does hereby allege and aver:

**Parties**

1.  Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Florida, having a principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.

2.  Upon information and belief, Defendant MAC (USA) Trade, Inc. is a corporation organized under the laws of the State of Florida, having a principal place of business at 2323 Highway 192 East. Building B, Kissimmee, Florida 34744.

3.  Upon information and belief, Defendant Harsh Manchanda is a natural person, is the President of Defendant MAC (USA) Trade, Inc., and regularly conducts

1

business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 2323 Highway 192 East, Building B, Kissimmee, Florida 34744.

## Jurisdiction and Venue

4. This Court has both diversity and federal question jurisdiction over this case.

5. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

6. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

7. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

8. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

9. Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

2

### Choice Hotels and the ECONO LODGE Family of Marks

11. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

12. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

13. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

14. Choice Hotels is now a publically traded company with 6,000 franchised hotels.

15. Choice Hotels offers high value, mid-priced, hotel and motel and services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

16. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of ECONO LODGE marks since at least as early as 1965.

17. Choice Hotels is the owner of several United States Trademark Registrations for its ECONO LODGE family of marks.

18. Choice Hotels is the owner of United States Trademark Registration No. 813,642 (hereinafter, "the '642 registration") for the mark ECONO LODGE for use in connection with the provision of motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

3

19. Choice Hotels is the owner of United States Trademark Registration No. 1,799,814 (hereinafter, "the '814 Registration") for the mark ECONO LODGE + Design for use in connection with the provision of hotel and motel services; and hotel and motel reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

20. The '814 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Choice Hotels is the owner of United States Trademark Registration No. 2,178,518 (hereinafter, "the '518 Registration") for the mark ECONO LODGE for use in connection with the provision of hotel and motel services and for use in connection with rendering technical assistance in the establishment and/or operation of hotels and motels. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

22. The '518 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Choice Hotels is the owner of United States Trademark Registration No. 2,878,530 (hereinafter, "the '530 Registration") for the mark ECONO LODGE INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

24. The '530 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25. Choice Hotels is the owner of United States Trademark Registration No. 3,489,688 (hereinafter, "the '688 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

26. Choice Hotels is the owner of United States Trademark Registration No. 3,522,065 (hereinafter, "the '065 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

27. Choice Hotels is the owner of United States Trademark Registration No. 3,522,067 (hereinafter, "the '067 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

28. Choice Hotels is the owner of United States Trademark Registration No. 3,522,199 (hereinafter, "the '199 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel

and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

29. Since the inception of their use, the service marks described in paragraphs 18 to 28 above (hereinafter, collectively, "the ECONO LODGE family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

30. Each registration identified in paragraphs 18-28 above remains active, valid and enforceable.

31. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the ECONO LODGE family of marks.

32. As a result of its concerted branding efforts, the marks in the ECONO LODGE family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

33. The marks in the ECONO LODGE family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the ECONO LODGE marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

34. On or about September 30, 2008, Choice Hotels entered into a Franchise Agreement with  MAC (USA) Trade, Inc. and Harsh Manchanda (hereinafter, collectively, "MAC") which permitted MAC to operate an ECONO LODGE INN & SUITES® hotel franchise at 2323 Highway 192 East, Building B, Kissimmee,

Florida 34744 (hereinafter, "the Subject Property"). A true and correct copy of the
Franchise Agreement is attached hereto as Exhibit 9.

35. The Franchise Agreement specifically licensed the ECONO LODGE family of
marks to MAC for so long as the Franchise Agreement remained in effect.

36. Paragraph 11 of the Franchise Agreement provides that upon termination, MAC
must immediately discontinue use of intellectual property belonging to Choice
Hotels and that MAC must refrain from using the Choice Hotels brands to
identify the hotel at the Subject Property.

37. Prior to March 31, 2011, MAC defaulted on its material obligations under the
Franchise Agreement by: (1) failing to pay its monthly franchise fees, and (2)
failing to pay its service charges.  MAC further defaulted by failing to pay the
fees due under the Technology Services Program Statement.

38. The failure to pay the required fees identified in Paragraph 37 above constitutes a
default of MAC's material obligations under the Franchise Agreement.

39. On or about April 1, 2011, Choice Hotels issued a Notice of Default, via certified
mail, to MAC. A true and correct copy of the Notice of Default is attached hereto
as Exhibit 10.

40. The Notice of Default advised MAC of its breach of the Franchise Agreement and
offered MAC the opportunity to take curative action to avoid termination of the
Franchise Agreement.

41. MAC was given ten days to cure the default.

42. MAC did not cure the default on or before the expiration of the ten-day deadline.

43. On or about August 25, 2011, Choice Hotels issued a Notice of Termination, via FedEx, to MAC. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 11.

44. The Notice of Termination was issued, *inter alia*, as a result of MAC's failure to cure the April 1, 2011 default.

45. The Notice of Termination instructed MAC to immediately cease and desist use of any and all marks owned by Choice Hotels. The Notice of Termination specifically instructed MAC to remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail and Domain Name.

46. The Notice of Termination further informed MAC that continued use of the ECONO LODGE family of marks would constitute trademark infringement and would be dealt with accordingly.

8

47. The Notice of Termination further advised MAC that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $14,508.10 in franchise and related fees, $29.36 in travel agent commissions, and $17,291.11 for the remaining term of the Franchise Agreement. Further, the Notice of Termination informed MAC that its most recent audit revealed it owed an additional $25,077.18 to Choice Hotels.

48. The Notice of Termination demanded that MAC tender full payment of $56,905.75 balance due and owning. Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

49. Upon information and belief, MAC did not comply with the requirements set forth in the Notice of Termination.

50. Thereafter, Choice Hotels discovered that MAC continued to use the ECONO LODGE family of marks in, around, and in publicity for, the hotel located at the Subject Property.

51. On or about June 22, 2012, Choice Hotels sent another letter, by certified mail, to MAC regarding its continued unauthorized use of the ECONO LODGE family of marks. A true and correct copy of the June 22, 2012 letter is attached hereto as Exhibit 12.

52. The June 22, 2012 letter indicated that Choice Hotels considered the continued unauthorized use of its ECONO LODGE family of marks by MAC to be trademark infringement and again demanded that MAC immediately cease use of the ECONO LODGE family of marks.

53. MAC was instructed to provide written and photographic evidence, no later than July 3, 2012, that it had completely ceased use of the ECONO LODGE family of marks.

54. MAC did not comply on or before the July 3, 2012 deadline.

55. Thereafter, Choice Hotels discovered that MAC continued to use the ECONO LODGE family of marks in, around, and in publicity for, the hotel located at the Subject Property.

56. On or about October 1, 2012, Choice Hotels sent another letter, by certified mail, to MAC regarding its continued unauthorized use of the ECONO LODGE family of marks.  A true and correct copy of the October 1, 2012 letter is attached hereto as Exhibit 13.

57. The October 1, 2012 letter indicated that Choice Hotels considered the continued unauthorized use of its ECONO LODGE family of marks by MAC to be trademark infringement and again demanded that MAC immediately cease use of the ECONO LODGE family of marks.

58. MAC was instructed to provide written and photographic evidence, no later than October 10, 2012, that it had completely ceased use of the ECONO LODGE family of marks.

59. MAC did not comply on or before the October 10, 2012 deadline.

60. Upon information and belief, MAC has used and is using the ECONO LODGE family of marks in connection with the provision of hotel and motel services at

the Subject Property, without authorization, for more than a year following termination of the Franchise Agreement.

61. The continued unauthorized use of the ECONO LODGE family of marks by MAC has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the ECONO LODGE family of marks.

**COUNT I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

62. Paragraphs 1-61 are incorporated by reference herein as though set forth in their entirety.

63. Choice Hotels is the owner of a family of ECONO LODGE marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '642 Registration; the '814 Registration; the '518 Registration; the '530 Registration; the '688 Registration; the '065 Registration; the '067 Registration; and the '199 Registration.

64. Choice Hotels licensed the ECONO LODGE family of marks to MAC as part of a Franchise Agreement.

65. Upon information and belief, after termination of the Franchise Agreement and its license, and despite receiving multiple notices regarding said termination, MAC continued to use, and upon information and belief continues to use, the ECONO LODGE family of marks, including one or more of the federally registered marks

identified in paragraph 63 above, in connection with the provision of hotel and
motel services at the Subject Property.

66. Upon information and belief, MAC had actual knowledge of the ECONO
LODGE family of marks owned by Choice Hotels and, without the consent of
Choice Hotels, knowingly and deliberately used in commerce, in connection with
the provision of hotel and motel services marks which are likely to cause
confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act,
15 U.S.C. §1114(1).

67. The acts of MAC as described herein constitute infringement of one or more of
Choice Hotels' federally registered trademarks.

68. As a direct and proximate cause of the infringing acts of MAC, Choice Hotels has
been damaged in an amount to be determined at trial.

69. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to
recover its damages, the profits of MAC, and the cost of the action under 15
U.S.C. §1117.

70. The acts of MAC as described herein warrant this case being designated as
exceptional under 15 U.S.C. §1117 and the imposition of treble damages and
attorneys' fees.

71. The acts of MAC as described herein have caused and will continue to cause
serious irreparable injury to Choice Hotels and to the good will associated with
the ECONO LODGE family of marks unless restrained and enjoined by this
Court. Choice Hotels has no adequate remedy at law.

12

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

72. Paragraphs 1-71 are incorporated by reference herein as though set forth in their entirety.

73. Upon information and belief, MAC had actual knowledge of the ECONO LODGE family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

74. Upon information and belief, MAC has used, and continues to use, one or more of the marks in the ECONO LODGE family of marks in commerce in connection with the provision of hotel and motel services.

75. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and MAC, or as to the origin, sponsorship, or approval of the services or commercial activities of MAC by Choice Hotels.

76. As a direct and proximate cause of the acts of MAC as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

77. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of MAC, and the cost of the action under 15 U.S.C. §1117.

78. The acts of MAC as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

79. The acts of MAC as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the ECONO LODGE family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
### Florida Deceptive and Unfair Trade Practices
### (F.S.A. §501.201)

80. Paragraphs 1–79 are incorporated by reference herein as though set forth in their entirety.

81. The activities of MAC as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to Choice Hotels. Thus, these activities violate the Florida Deceptive and Unfair Trade Practices Act (F.S.A. §501.201, *et seq.*)

82. MAC has engaged in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" by willfully and without authorization, using in commerce one or

14

more of the marks in the ECONO LODGE family of marks in connection with the provision of hotel and motel services at the Subject Property.

83. By reason of the foregoing, Choice Hotels is entitled to recover from MAC its actual damages, plus attorneys' fees and court costs pursuant to F.S.A. §501.211.

## COUNT IV
### Florida Common Law
### Trademark Infringement / Unfair Competition

84. Paragraphs 1–83 are incorporated by reference herein as though set forth in their entirety.

85. The activities of MAC as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Florida.

86. MAC has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Florida.

87. Choice Hotels has been damaged by the conduct of MAC as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A. That each of the Named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the ECONO LODGE family of marks, including but not necessarily limited to, the marks

15

appearing the '642 Registration; the '814 Registration; the '518 Registration; the '530 Registration; the '688 Registration; the '065 Registration; the '067 Registration; and the '199 Registration, or any mark confusingly similar thereto;

B. That each of the Named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the ECONO LODGE family of marks;

C. That Choice Hotels be awarded judgment for damages against each of the Named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

> 1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

> 2) all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

> 3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D. That Choice Hotels be awarded judgment for actual damages, costs and attorneys' fees as a result of each Named Defendant's unfair and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act §501.201, et seq.;

E. That Choice Hotels be awarded judgment for damages resulting from each Named Defendant's common law trademark infringement and common law unfair competition;

F. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

G. That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

H. That all triable issues be brought before a jury.

Respectfully submitted this 4th day of January 2013,

MCCONNAUGHHAY, DUFFY, COONROD, POPE & WEAVER, P.A.

/s/ Matthew G. Hawk
Matthew G. Hawk (Trial Counsel)
Florida Bar No. 0022606
E-Mail: mhawk@mcconnaughhay.com
P.O. Drawer 229 (32302-0229)
1709 Hermitage Boulevard, Suite 200
Tallahassee, FL 32308
Telephone: (850) 222-8121
Telefacsimile: (850) 222-4359
Counsel for Plaintiff Choice Hotels
    International, Inc.